UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L.C.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-08334-MKD<br><br>A# 222-597-492<br><br>ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE |

Petitioner, an immigration detainee at California City Immigration Processing Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court dismisses the Petition without prejudice.

Petitioner is a native and citizen of Brazil who most recently entered the United States on August 26, 2022, as an F-1 student. ECF No. 5-1 at 1. ICE arrested him at Salt Lake City International Airport on August 9, 2026. ECF No. 5-1 at 2. DHS initiated removal proceedings alleging that he failed to maintain his student status. ECF No. 5-1 at 7. On September 28, 2026, an Immigration Judge

denied bond upon finding that Petitioner presented a significant flight risk. ECF No. 5-1 at 4-5. Petitioner acknowledges that he did not appeal that decision to the BIA. ECF No. 9 at 3.

Respondent argues that the Petition should be dismissed without prejudice because Petitioner has not exhausted his administrative remedies. ECF No. 5 at 3-4. Exhaustion in immigration habeas proceedings is prudential rather than jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts consider the need for agency expertise, whether excusing exhaustion would encourage bypassing administrative review, and whether that review could correct errors and eliminate the need for judicial intervention. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exhaustion may be excused when administrative remedies are "inadequate or not efficacious," their pursuit would be futile, or irreparable injury would result. *Hernandez*, 872 F.3d at 988.

Petitioner explains that he understood the appeal instructions to require a copy of the bond decision, which, he alleges, detention staff failed to provide despite seven requests. ECF No. 9 at 3 & n.2. Even crediting that account, Petitioner may seek acceptance of a late appeal upon a showing that he diligently pursued his rights and that an extraordinary circumstance prevented timely filing. *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (B.I.A. 2023). Petitioner has not presented his explanation through that procedure, and the BIA should have

an opportunity to consider it in the first instance.

If the BIA accepts a late appeal, it can address Petitioner's objections to the immigration judge's alleged reliance on a purportedly fraudulent Social Security card and Petitioner's international travel. ECF No. 9 at 2. Allowing the agency to apply its expertise and correct any errors could eliminate the need for judicial intervention. *See Puga*, 488 F.3d at 815. Petitioner has not established that pursuing that opportunity would be futile or ineffective. The Court therefore declines to excuse exhaustion and dismisses the Petition without prejudice. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED without prejudice**.

2. The transfer restriction is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondent and **CLOSE** this case.

DATED November 25, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE